Appellant was found guilty in a bench trial by the Miami County Municipal Court on charges of Speeding, R.C. 4511.21, and Failure to Wear a Safety Belt, R.C. 4513.263. Appellant was sentenced to a fine of $75 plus costs, and a two-month jail sentence was suspended on conditions, as to the speeding charge, and $50 fine and costs on the seat belt charge.
Defendant appeals, assigning three errors:
 APPELLANT'S CONVICTION FOR SPEEDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT THE STATE FAILED TO PRESENT ANY TESTIMONY REGARDING THE ACCURACY OF THE PARTICULAR RADAR UNIT UTILIZED BY THE ARRESTING OFFICER.
 THE STATE'S FAILURE TO PRESENT ANY EXPERT TESTIMONY REGARDING THE RELIABILITY OF A MOVING K-55 RADAR UNIT CONSTITUTES PLAIN ERROR AND APPELLANT WAS PREJUDICED AS A RESULT.
 THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF HIS THIRD SPEEDING OFFENSE WITHIN TWELVE MONTHS ON THE BASIS OF EXHIBITS NEVER ENTERED INTO EVIDENCE.
We affirm.
The appellant was ticketed after the approaching officer "observed the Defendant's vehicle traveling at what appeared to be a high rate of speed * * * was in the left lane and appeared to be exceeding traffic. The posted speed limit for his size vehicle is 55 miles an hour and he was exceeding traffic — that's other cars — that appeared to be traveling at the regular speed as well" (Tr. 6).
He was clocked on K-55 radar at 66 miles per hour.
Although the officer testified as to his training and experience with the K-55 unit he did not testify, on direct or cross examination about calibration. No objection was raised and appellant is required to rely upon "plain error" to support his three assignments of error.
 I.
We overrule the first assignment of error for the reason that the want of such evidence does not rise to the level of cognizable, plain error, and further, there is direct evidence to support the charge aliunde the radar reading. The widespread use of radar, and the volume of cases that are processed through the municipal courts of Ohio would be ill served by a proposition of law that want of calibration, operational evidence rises to the level of "plain error." Such a ruling would open the gates to "sandbagging" practices, which would not serve the expeditious, fair administration of justice.